IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOARD OF TRUSTEES OF THE
AUTOMOTIVE INDUSTRIES
WELFARE FUND, AUTOMOTIVE
INDUSTRIES PENSION FUND;
JIM BENO, TRUSTEE,

      Plaintiffs,      No. 2:10-cv-03411 FCD KJN PS

  v.

NORMAN GENTRY, also known as
NORM GENTRY, individually and
doing business as NORM'S
ELECTRICAL SUPPLY,

      Defendant.      <u>ORDER</u>

      Presently before the court is defendant's motion to appoint counsel.[1] (Dkt. No. 71.) For the reasons that follow, the undersigned grants defendant's motion. The undersigned further orders defendant to file an application to proceed in forma pauperis in order to substantiate his inability to retain and pay an attorney.

      On June 9, 2011, the undersigned conducted a status (pretrial scheduling)

---

[1] This action proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of a United States Magistrate Judge (Dkt. Nos. 22, 45, 48, 67). <u>See</u> 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.

1

conference in this action, which involves claims implicating the National Labor Relations Act of 1947 and the Employee Retirement Income Security Act of 1974. (Minutes, June 9, 2011, Dkt. No. 75; see also First Am. Compl., Dkt. No. 3.) Plaintiffs appeared through counsel. Defendant is proceeding without counsel and appeared on his own behalf. Defendant's non-attorney son, Bruce Gentry, was also seated at counsel's table and assisted defendant during the scheduling conference. At the scheduling conference, defendant indicated his intent to file a Chapter 7 bankruptcy petition that same day. (See Minute Order, June 9, 2011, Dkt. No. 76.)

Just prior to the scheduling conference, defendant filed his motion to appoint counsel. Considering the contents of the motion to appoint counsel and defendant's and his son's remarks at the scheduling conference, defendant represents that he is 78 years old, has some difficulty hearing, is living on social security benefits, and has no money to pay for an attorney. Most significantly, defendant and his son stated that defendant can read very little and cannot write at all. Apparently, until recently defendant was receiving assistance in this litigation from a gentleman named Thomas Burton, but Mr. Burton recently passed away. Defendant's son has been assisting defendant to read court papers and prepare some documents, but defendant's son expressed a lack of comfort with reading and interpreting litigation-related documents.

There is no constitutional right to appointed counsel in a civil action. See Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25-26 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." However, such an appointment may be made only on a showing of "exceptional circumstances." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 130 S. Ct. 1282 (2010); accord Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "When determining whether 'exceptional circumstances' exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Palmer, 560 F.3d at 970 (citation and quotation marks omitted). "Neither of these considerations is dispositive and instead must be viewed together." Id.

Here, exceptional circumstances exist such that counsel should be appointed for defendant. As to the likelihood that defendant will be successful in this action, defendant's liability is not certain. This case is at the pleading stage, and the record before the court does not suggest that one party is more likely to prevail than the other. In regards to defendant's ability to articulate his claims as a pro se party, the court is very concerned that based on defendant's representations about his ability to read and write, defendant will largely be unable to articulate his defenses or otherwise participate in this litigation in a meaningful way. Accordingly, the undersigned grants defendant's motion to appoint counsel.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to appoint counsel (Dkt. No. 71) is granted.

2. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

3. The Clerk of Court is directed to transmit to defendant an Application to Proceed Without Prepayment of Fees and Affidavit.

4. Within 30 days of receipt of the Application to Proceed Without Prepayment of Fees and Affidavit, defendant shall complete and file that application.[2]

IT IS SO ORDERED.

DATED: June 14, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Hopefully, defendant's son can assist defendant to complete the application.

3